UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VFS US, L.L.C.                                    CIVIL ACTION

VERSUS                                           NO: 14-126

SOUTHWINDS EXPRESS                               SECTION: J
CONSTRUCTION, L.L.C., ET AL

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* brought by Plaintiff VFS US, L.L.C. **(Rec. Doc. 12)**, Defendants' *Opposition* **(Rec. Doc. 22)**, and Plaintiff's *Reply* **(Rec. Doc. 25)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

Between December 29, 2010 and September 9, 2011, Defendant Southwinds executed five (5) secured promissory notes in favor of Plaintiff for the financed purchase of various construction equipment. The details of those five (5) notes are as follows:

(1) Note 1: On or about December 29, 2010, Southwinds entered into a contract with Plaintiff to finance the purchase of a 2010 Volvo EC360CL (serial number ...0547) for $232,246.14, to be paid in thirty-six (36) monthly installments in accordance with a payment addendum. Southwinds granted Plaintiff a security interest

1

in the 2010 Volvo EC360CL to secure payment of the note, as well as all other debts owed at any time by Southwinds to Plaintiff. Plaintiff perfected its security interest in the 2010 Volvo EC360CL on or about January 24, 2011. By September 2012, Southwinds owed delinquent payments and late fees of $21,391.85 under Note 1. For that reason, the parties entered into a Modification Agreement on September 12, 2012, which provided the following modification to Note 1: beginning on June 14, 2012, Southwinds would make four (4) consecutive monthly payments of $0.00, and then eighteen (18) consecutive monthly payments of $7,598.05. Plaintiff alleges that currently, payments have not been made on Note 1 for more than five (5) months.

(2) Note 2: On or about March 28, 2011, Southwinds entered into a contract with Plaintiff to finance the purchase of a 2011 Geith MTP 450 (serial number ...7203). On the same date, Southwinds executed an Additional Collateral Addendum in connection with Note 1, granting Plaintiff a security interest in the 2011 Geith MTP 450 to secure payment of Note 1. Plaintiff perfected the security interest in the 2011 Geith MTP 450 on April 11, 2011. Note 2 has been paid in full and is not the subject of this litigation, except to the extent that Plaintiff contends that the 2011 Geith MTP 450 secures the debt owed pursuant to Note 1.

(3) Note 3: On or about April 20, 2011, Southwinds entered into a contract with Plaintiff to finance the purchase of a 2011

2

Geith MT45 (serial number ...7205). Note 3 has been paid in full and is not the subject of this litigation.

(4) <u>Note 4</u>: On or about June 21, 2011, Southwinds entered into a contract with Plaintiff to finance the purchase of a 2011 Volvo EC360CL (serial number ...0558) for $204,635.64, to be paid in thirty-six (36) monthly installments. Southwinds granted Plaintiff a security interest in the 2011 Volvo EC360CL to secure payment of the note, as well as all other debts owed at any time by Southwinds to Plaintiff. Plaintiff perfected its security interest in the 2011 Volvo EC360CL on or about July 5, 2011. By September 2012, Southwinds owed delinquent payments and late fees of $20,396.50 under Note 4. For that reason, the parties entered into a Modification Agreement on September 12, 2012, which provided the following modification to Note 4: beginning on June 21, 2012, Southwinds would make four (4) consecutive monthly payments of $0.00, and then twenty-three (23) consecutive monthly payments of $7,084.96. Plaintiff alleges that currently, payments have not been made on Note 4 for more than eight (8) months.

(5) <u>Note 5</u>: On or about September 9, 2011, Southwinds entered into a contract with Plaintiff to finance the purchase of a 2011 Volvo L220G (serial number ...2127) for $371,667.37, to be paid in forty-two (42) monthly installments in accordance with a payment addendum. Southwinds granted Plaintiff a security interest in the 2011 Volvo L220G to secure payment of the note, as well as all

3

other debts owed at any time by Southwinds to Plaintiff. Plaintiff perfected its security interest in the 2011 Volvo L220G on or about September 16, 2011. By September 2012, Southwinds owed delinquent payments and late fees of $29,022.58 under Note 5. For that reason, the parties entered into a Modification Agreement on September 12, 2012, which provided the following modification to Note 5: beginning on July 9, 2012, Southwinds would make three (3) consecutive monthly payments of $0.00, and then thirty-two (32) consecutive monthly payments of $9,821.56. Plaintiff alleges that currently, payments have not been made on Note 5 for more than thirteen (13) months.

On or about December 29, 2010, Defendants Flaherty, Promuto, and Central Rock executed a continuing guaranty pursuant to which they guaranteed the performance of all payments due by Southwinds to Plaintiff, including all obligations under the promissory notes. Those same Defendant guarantors signed on as guarantors for the Modification Agreement of September 12, 2012, which affected Notes 1, 4, and 5.

Plaintiff filed suit on January 17, 2014, alleging that Defendants owe Plaintiff $378,615.18, plus interest, late charges, and attorneys' fees and costs, pursuant to three promissory notes (Note 1, Note 4, and Note 5), the Additional Collateral Addendum, and the continuing guaranty. Defendants contend that the 2011 Volvo L220G (serial number ...2127), which is the loader equipment

(hereinafter "the loader") that is the subject of Note 5, was defective and unfit for its intended use. Defendants estimate that Plaintiff made more than 100 unsuccessful attempts to repair the loader, after which Southwinds returned the loader to the local Volvo dealer. Defendants argue that they should be granted a credit against the amount owed in light of the extensive repair issues. Defendants allege that they were in the midst of negotiations with Plaintiff to agree on a reasonable credit amount at the time Plaintiff filed this suit.

### PARTIES' ARGUMENTS

Plaintiff argues that it is entitled to declare all outstanding indebtedness immediately due and payable and to recover late charges and a default interest rate of 18% from the date of judgment until payment is made. Plaintiff also argues that it is entitled to an award of reasonable attorneys' fees and costs. Additionally, Plaintiff argues that it is entitled to return of the secured collateral and to sell that collateral at private sale.

Both Plaintiff and Defendants agree that North Carolina law applies in this case. Plaintiff argues that under North Carolina law, even if the loader were defective, that fact would not provide Defendants with a defense to payment of Note 5. According to Plaintiff, Defendants' only remedies under North Carolina law would be to file a counterclaim, either a breach of warranty claim or a claim in recoupment. Plaintiff points out that Defendants' answer

fails to set forth any counterclaims, and because both available counterclaims are compulsory, Defendants have fatally failed to avail themselves of either remedy, and Plaintiff's motion should be granted.

Defendants do not appear to contest that they have defaulted. However, they argue that the Court should defer ruling on the instant motion for a reasonable discovery period because Plaintiff's discovery responses were only due to be turned over to Defendant on June 9, 2014, and Defendants believe that those responses could contain relevant information concerning the issues raised in this motion. Plaintiff does not respond to this argument.

Defendants also argue that Plaintiff seeks double recovery by requesting both the return of the collateral and a judgment for the full amount of the outstanding debt. Plaintiff points out that any proceeds from the sale of the collateral would be used to satisfy the outstanding debt on each respective note.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994).

When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

7

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

North Carolina law pertaining to negotiable instruments states:

(a) Except as stated in subsection (b) of this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:

(1) A defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that

8

induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings;

(2) A defense of the obligor stated in another section of this Article or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and

(3) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

N.C. Gen. Stat. Ann. § 25-3-305 (West 1995). Defendants have not raised defenses under Subsection (1) or Subsection (2) of the statute. Neither have Defendants raised a counterclaim in recoupment under Subsection (3). The comments to § 25-3-305 state as follows:

Subsection (a)(3) is concerned with claims in recoupment which can be illustrated by the following example. Buyer issues a note to the order of Seller in exchange for a promise of Seller to deliver specified equipment. If Seller fails to deliver the equipment or delivers equipment that is rightfully rejected, Buyer has a defense to the note because the performance that was the consideration for the note was not rendered. Section 3-303(b). This defense is included in Section 3-305(a)(2). That defense can always be asserted against Seller. This result is the same as that reached under former Section 3-408.

But suppose Seller delivered the promised equipment and it was accepted by Buyer. The equipment, however, was defective. Buyer retained the equipment and incurred expenses with respect to its repair. In this case, Buyer does not have a defense under Section 3-303(b). Seller delivered the equipment and the equipment was accepted. Under Article 2, Buyer is obliged to pay the price of the equipment which is represented by the note. But Buyer may have a claim against Seller for breach of warranty. If Buyer has a warranty claim, the claim may be asserted against Seller as a counterclaim or as a claim in

recoupment to reduce the amount owing on the note.

*Id.* at cmt. 3.

In this case, Plaintiff delivered the promised equipment to Southwinds, and Southwinds accepted it. Despite Defendants' claim that the equipment was defective, North Carolina law is clear that in this type of factual scenario, Defendants are obligated to pay the amount due under the note. It is therefore clear that Defendants have no defense to payment of the notes. Defendants could, however, have a claim in recoupment or a breach of warranty claim to reduce the amount owing on the note. Defendants have failed to raise a counterclaim in recoupment or a counterclaim for breach of warranty. Under the current *Scheduling Order* **(Rec. Doc. 11)**, the deadline for amendments to pleadings expired on May 12, 2014.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Summary Judgment* **(Rec. Doc. 12)** is **GRANTED.**

**IT IS FURTHER ORDERED** that *within fourteen (14) days*, Plaintiff shall file a properly supported motion for attorneys' fees and costs which itemizes all fees and expenses. Defendants shall file any response to the motion *within seven (7) days* thereafter.

11

New Orleans, Louisiana this 30th day of June, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE