```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

VFS US, L.L.C.                                          CIVIL ACTION

VERSUS                                                  NO: 14-126

SOUTHWINDS EXPRESS                                      SECTION: J
CONSTRUCTION, L.L.C., ET AL

### ORDER AND REASONS

Before the Court is a *Motion for Attorneys' Fees and Costs* filed by Plaintiff, VFS US, L.L.C. (hereinafter "VFS") **(Rec. Doc. 27)**. The motion is unopposed. Having considered the motion, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

### PROCEDURAL AND FACTUAL BACKGROUND[1]

Between December 29, 2010 and September 9, 2011, Defendant Southwinds executed five (5) secured promissory notes in favor of VFS for the financed purchase of various construction equipment. The loan documents that the parties executed contain the following language:

> Borrower agrees to pay on demand all reasonable external and internal costs, expenses and fees (including reasonable attorneys' fees and expenses) of Lender in

---

[1] The detailed facts of this case are outlined in the Court's *Order and Reasons* of July 1, 2014 (Rec. Doc. 26).

1

> enforcing the Loan Documents and the rights and remedies of Lender regardless of whether any legal action or proceeding is instigated.

(Rec. Doc. 12-3, pgs. 3, 11, & 15).

On July 1, 2014, the Court granted summary judgment in favor of VFS and ordered that VFS file a motion for attorneys' fees within fourteen (14) days. (Rec. Doc. 26). VFS filed its motion on July 3, 2014, and Defendants have not filed an opposition.

## DISCUSSION

### A. Reasonable Attorneys' Fee Awards: Two-Step Analysis

The Fifth Circuit uses a two-step analysis to calculate fee awards. *Hernandez v. U.S. Customs & Border Prot. Agency*, No. 10-4602, 2012 WL 398328, at *13 (E.D. La. Feb. 7, 2012) (Barbier, J.). In the first step, the Court must calculate the "lodestar," which is accomplished "by multiplying the number of hours reasonably expended in the case by the prevailing hourly rate for legal services in the district." *Id.* (internal citations omitted).

In determining the number of hours billed for purposes of calculating the lodestar, the Court must "determine whether the requested hours expended by . . . counsel were reasonable in light of the facts of the case and the work performed. The burden of proving the reasonableness of the hours expended is on the fee applicant." *Hernandez*, 2012 WL 398328, at *13 (internal citations

omitted). The Court must also determine whether the records show "that Plaintiffs' counsel exercised billing judgment" and "should exclude all time billed for work that is excessive, duplicative, or inadequately documented." *Id.* at *14 (internal citations omitted).

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney "at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Id.* (internal citations omitted). The burden is on the fee applicant to submit "satisfactory evidence that the requested rate is aligned with prevailing market rates." *Id.* (internal citations omitted).

Next, "the second step allows the Court to make downward adjustments, or in rare cases, upward adjustments, to the lodestar amount based upon consideration of the twelve *Johnson* factors." *Id.* The twelve *Johnson* factors are the following:

> (1) the time and labor required
>
> (2) the novelty and difficulty of the questions
>
> (3) the skill requisite to perform the legal service properly
>
> (4) the preclusion of other employment by the attorney due to acceptance of the case
>
> (5) the customary fee

3

> (6) whether the fee is fixed or contingent
>
> (7) time limitations imposed by the client or the circumstances
>
> (8) the amount involved and the results obtained
>
> (9) the experience, reputation, and ability of the attorneys
>
> (10) the "undesirability" of the case
>
> (11) the nature and length of the professional relationship with the client
>
> (12) awards in similar cases

*Johnson v. Ga. Highway Exp. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Courts apply "a strong presumption that [the lodestar] figure is reasonable." *Hernandez*, 2012 WL 398328, at *16. Nevertheless,

> [T]he Court must still consider the twelve *Johnson* factors ... . Though the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. The Court should give special consideration to the time and labor involved, the customary fee, the amount involved and the results

> obtained, and the experience, reputation, and ability of counsel. ... However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, a court should not make further adjustments on that basis.

*Id.* (internal citations omitted).

### D. Lodestar Calculations

#### 1. Gregory F. Rouchell

VFS seeks attorneys' fees for 52.40 hours billed by Mr. Rouchell at the rate of $225.00 per hour. Mr. Rouchell is a partner at the firm of Adams and Reese and has been practicing law for approximately eleven (11) years. Mr. Rouchell has experience in commercial litigation and enforcement of creditors' rights.

The Court will first determine the reasonableness of the hourly rate for Mr. Rouchell. Only two years ago, in 2012, this Court found that in the Eastern District of Louisiana, a reasonable hourly rate for an attorney who had been practicing law for over eight (8) years and specialized in the field of law at issue was $300.00 per hour, and that a reasonable hourly rate for an attorney who had been practicing law for approximately two (2) years and specialized in the field of law at issue was $180.00 per hour. *Hernandez*, 2012 WL 398328, at *14-16. The Court arrived at its conclusion after an analysis of multiple cases in this district:

*See, e.g. Smith v. Sprint/United Mgmt. Co.,* 2011 [WL] 6371481 (E.D. La. Dec. 20, 2011) (awarding $290.00/hour for a partner with 16 years experience and $240/hour for an associate with 8 years of experience); *Construction South, Inc. v. Jenkins,* 2011 WL 3892225 (E.D. La. Sept.2, 2011) (awarding $350/hour for two partners with 36 and 30 years of experience; $200/hour for an associate with four years of experience; and $180/hour for an associate with two years of experience); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC,* 2011 WL 2550505 (E.D. La. June 27, 2011) (awarding $250 for partner with 35 years of experience; $250 for a partner with 11 years of experience; and $175 for an associate with 2 years of experience); *Entergy La., L.L.C. v. The Wackenhut Corp.,* 2010 WL 4812921 (E.D. La. Nov.17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.,* 2010 WL 3943543 (E.D. La. Oct.4, 2010) (awarding $250.00/hour and $160.00/hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez,* 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to partner with 33 years of experience); *Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C.,* 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and

$180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.,* 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $250.00/hour, $210.00/hour, and $180.00/hour to attorneys with 20, 10, and 4 years of legal experience, respectively); *Marks v. Standard Fire Ins. Co.,* 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

*Id.* at *15.

Given the cases discussed above, the Court finds that a fee of $225.00 per hour for Mr. Rouchell's services is reasonable. A total of 52.40 hours appears to be a reasonable number of hours billed by Mr. Rouchell, and those hours are well-documented. Defendants have not filed an opposition to challenge the reasonable hourly rate or number of hours billed by Mr. Rouchell. Therefore, the Court finds that the lodestar figure for Mr. Rouchell (52.40 hours at a rate of $225.00 per hour) is $11,790.00.

### 2. L. Cole Callihan

VFS also seeks attorneys' fees for 19.30 hours billed by Mr. Callihan at the rate of $190.00 per hour. Mr. Callihan is an associate at the firm of Adams and Reese and has been practicing law since 2011 and therefore has approximately three (3) years

experience.[2] Given the cases cited above, the Court finds that a fee of $190.00 per hour for Mr. Callihan's services is reasonable. A total of 19.3 hours appears to be a reasonable number of hours billed by Mr. Callihan, and those hours are well-documented. Defendants have not filed an opposition to challenge the reasonable hourly rate or number of hours billed by Mr. Callihan. Therefore, the Court finds that the lodestar figure for Mr. Callihan (19.30 hours at a rate of $190.00 per hour) is $3,667.00.

### 3. William Wright

VFS also seeks attorneys' fees for 13.30 hours billed by Mr. Wright at the rate of $85.00 per hour. Mr. Wright was a summer associate at the law firm of Adams and Reese who performed legal research in the matter. This Court has recently found that attorneys' fees can be awarded for a reasonable number of hours billed by a summer associate in the amount of $85.00. *Cater v. Fid. Nat. Ins. Co.*, No. 07-4619, 2009 WL 35342, at *2 (E.D. La. Jan. 6, 2009)(Roby, M.J.).[3] Therefore, the Court finds that a fee of $85.00 per hour for Mr. Wright's services is reasonable. A total of 13.30

---

[2] The Court retrieved this information from: http://www.adamsandreese.com/l-cole-callihan/.

[3] The Court stated:

> [T]he Court finds that a rate of $85.00 per hour for the work of Matthew Morgan, a summer law clerk with the law firm of Gieger, Laborde & Laperouse, LLC, is reasonable. The Court further notes that the Caters do not contest the reasonableness of the rate.

*Cater*, 2009 WL 35342, at *2.

hours appears to be a reasonable number of hours billed by Mr. Wright, and those hours are well-documented. Defendants have not filed an opposition to challenge the reasonable hourly rate or number of hours billed by Mr. Wright. Therefore, the Court finds that the lodestar figure for Mr. Wright (13.30 hours at a rate of $85.00 per hour) is $1,130.50.

### 4. Taylor Brett

VFS also seeks attorneys' fees for 6.00 hours billed by Mr. Brett at the rate of $85.00 per hour. Mr. Brett was a summer associate at the law firm of Adams and Reese who drafted the motion for attorneys' fees and associated filings. The Court finds that a fee of $85.00 per hour for Mr. Wright's services is reasonable. A total of 6.00 hours appears to be a reasonable number of hours billed by Mr. Brett, and those hours are well-documented. Defendants have not filed an opposition to challenge the reasonable hourly rate or number of hours billed by Mr. Brett. Therefore, the Court finds that the lodestar figure for Mr. Brett (6.00 hours at a rate of $85.00 per hour) is $510.00.

Adding each of the four lodestar calculations together, the Court reaches a total of $17,097.50.

### E. *Johnson* Factors

As discussed above, these lodestar figures are presumptively reasonable, but the Court must nevertheless consider the twelve *Johnson* factors to determine whether they warrant a downward

adjustment or, in rare cases, an upward adjustment.

### 1. Time and Labor Required

The Court finds that the lodestar amounts calculated above fairly account for the time and labor expended by each attorney in this case, and so no upward or downward adjustment of the lodestar calculation is warranted based on this factor.

### 2. Novelty and Difficulty of the Questions

The Court finds that the issues in this case were not sufficiently novel or difficult to warrant an upward adjustment of the lodestar calculation.

### 3. Skill Requisite to Perform the Legal Service Properly

The skill of each attorney is already accounted for in the lodestar calculations.

### 4. Preclusion of Other Employment

There is no contention in this case that the attorneys were precluded from taking other employment by virtue of the time and resources required to be expended in this case, and the Court therefore finds that this factor does not warrant an upward adjustment of the lodestar amount.

### 5. Customary Fee

The customary fees charged by each attorney are already accounted for in the lodestar calculations.

### 6. Fixed or Contingent Fee

The Court finds that this factor does not warrant an upward or

10

downward adjustment of the lodestar amount.

### 7. Time Limitations Imposed by Client or Circumstances

The Court finds that there were no particular time limitations or constraints imposed on Counsel in this matter that would warrant an upward or downward adjustment.

### 8. Amount Involved and Results Obtained

Counsel for VFS achieved the results they sought, and this factor is already accounted for in the lodestar calculations.

### 9. Experience, Reputation, and Ability of Attorneys

The experience, reputation, and ability of each attorney is already accounted for in the lodestar calculations.

### 10. Undesirability of the Case

There is no contention in this case that the this case was undesirable, and the Court therefore finds that this factor does not warrant an upward adjustment of the lodestar amount.

### 11. Nature and Length of Professional Relationship with Client

There is no evidence that any attorney discounted his or her fees because any of the Plaintiffs were longstanding clients, and so this factor does not warrant an upward adjustment from the lodestar amounts.

### 12. Awards in Similar Cases

This factor is neutral because the Court already considered recent awards of attorneys' fees in this district and took those

awards into account when calculating the lodestar amounts.

Because it appears that none of the *Johnson* factors warrants an upward or downward adjustment from the lodestar amounts, the Court finds that the lodestar amount calculated for each attorney – a total of $17,097.50 – is the correct award in this case.

### F. Costs

The Court has discretion to award reasonable costs to a prevailing party. *See* 28 U.S.C.A. § 1920 (West 2008). However, the Court "may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (internal citations omitted). Plaintiffs' counsel have itemized costs that they believe are recoverable.

VFS has itemized a $400 filing fee, and filing fees are generally recoverable under Section 1920. *Marsala v. Mayo*, No. 06-3846, 2014 WL 1276187, at *4 (E.D. La. Mar. 27, 2014) (Feldman, J.). Therefore, the Court will award $400 in filing fees.

VFS has also itemized costs for computer assisted legal research and long distance telephone calls, neither of which is recoverable under Section 1920. *See Speaks v. Kruse*, No. 04-1952, 2006 WL 3388480, at *8 (E.D. La. Nov. 20, 2006) (Livaudais, J.); *see also Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 582 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011); *see also Marsala*, 2014 WL 1276187, at *4; *see also Auto Wax Co., Inc.*

*v. Mark V. Prods. Inc.*, No. 99-0982, 2002 WL 265091, at *10 (N.D. Tex. Feb. 22, 2002). Therefore, the Court declines to award these costs.

In addition, VFS has itemized costs for copy expenses, which are recoverable under Section 1920 "where the copies are necessarily obtained for use in the case." 28 U.S.C.A. § 1920 (West 2008). Copy costs should not be awarded where the copies were made merely for the convenience of counsel. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). In *Zapata*, the prevailing party sought costs for photocopies and provided the Court with columns of numbers that were meant to represent the costs of photocopies made; however, the party failed to provide the Court with any information regarding the documents that were copied, how the copies were used, or why the copies were necessary. *Zapata Gulf Marine Corp. v. Puerto Rico Mar. Shipping Auth.*, 133 F.R.D. 481, 484 (E.D. La. 1990) (Mentz, J.). The Court found that the party's claim for copy costs was "essentially undocumented" and therefore could not be allowed. *Id.* Here, VFS has provided the Court with no information by which the Court could determine that the copies made were necessarily obtained for use in the case and were not merely made for the convenience of counsel. Therefore, the Court declines to award copy costs.

Also, VFS has itemized private process server expenses in the

13

total amount of $171.50. In the Fifth Circuit, the costs of private process servers are generally not recoverable under Section 1920 absent exceptional circumstances. *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 974-75 (S.D. Tex. 2011) (citing *Marmillion v. Am. Int'l Ins. Co.*, 381 Fed. App'x 421, 431 (5th Cir. 2010)). Even in such exceptional circumstances, a party can generally only recover costs for private process servers to the extent that those costs do not exceed the cost that the U.S. Marshal would charge to effect service. *Id.* at 975. Where a prevailing party fails to show exceptional circumstances and fails to provide the court with evidence of the amount that the U.S. Marshal would charge for service, an award of private process server fees is not warranted. *See id.* Because VFS has failed to show exceptional circumstances or to provide the Court with evidence of the amount that the U.S. Marshal would charge in this case, the Court declines to award private process server fees in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Attorneys' Fees and Costs* filed by Plaintiff, VFS US, L.L.C. (hereinafter "VFS") **(Rec. Doc. 27)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiff, VFS US, L.L.C., $17,097.50 in attorneys' fees and $400.00 in costs.

New Orleans, Louisiana this 8th day of August, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE